```
 1  ANDRÉ BIROTTE JR.
    United States Attorney                          JS-6
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  P. GREG PARHAM
    California Bar No. 140310
 6  Assistant United States Attorney
    Asset Forfeiture Section
 7      Federal Courthouse, 14th Floor
        312 North Spring Street
 8      Los Angeles, California 90012
        Telephone:  (213) 894-6528
 9      Facsimile:  (213) 894-7177
        E-mail: Greg.Parham@usdoj.gov
10
    Attorneys for Plaintiff
11  United States of America
```

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,             ) | |
|                                       ) | NO.   CV 98-08700 JHN(MANx) |
|              Plaintiff,               ) | |
|                                       ) | |
|         v.                            ) | |
|                                       ) | **CONSENT JUDGMENT OF** |
| 51 POPPY HILLS ROAD, LAGUNA           ) | **FORFEITURE** |
| NIGUEL, ORANGE COUNTY, CA,            ) | |
|                                       ) | |
|              Defendant.               ) | |
| _____   ) | |
|                                       ) | |
| TMB INDUSTRIES, INC.,                 ) | |
| TRUSTEE FOR THE A.R. PATEL            ) | |
| FAMILY IRREVOCABLE TRUST;             ) | |
| VIRENDRA J. NATHU; VANDANA            ) | |
| V. NATHU; MANI PATEL; ESTATE          ) | |
| OF JIVAN PATEL; MERITECH              ) | |
| MORTGAGE SERVICES, INC.;              ) | |
| BEAR BRAND AT LAGUNA NIGUEL           ) | |
| COMMUNITY ASSOCIATION; AND            ) | |
| OCEAN RANCH AT BEAR BRAND             ) | |
| HOMEOWNERS ASSOCIATION,               ) | |
|                                       ) | |
|              Claimants.               ) | |
| _____   ) | |

1 This action was filed on October 27, 1998. Notice was given
2 and published in accordance with law. Claimant TMB Industries,
3 Inc., Trustee for the A.R. Patel Family Irrevocable Trust ("TMB")
4 filed a claim and answer on December 1 and 30, 1998, respectively.
5 Claimant Virendra J. Nathu filed a claim and answer on December 18,
6 1998 and January 5, 1999, respectively. Claimant Vandana V. Nathu
7 filed a claim and answer on December 18, 1998 and January 5, 1999,
8 respectively. Claimant Mani Patel filed a claim and answer on
9 December 18, 1998 and January 5, 1999, respectively. Claimant
10 Estate of Jivan Patel filed a claim and answer on December 18, 1998
11 and January 5, 1999, respectively. Claimant Meritech Mortgage
12 Services, Inc. ("Meritech") filed a claim and answer on December 7
13 and 28, 1998, respectively. Claimant Bear Brand at Laguna Niguel
14 Community Association ("Bear Brand") filed a claim and answer on
15 December 8, 1998. Claimant Ocean Ranch at Bear Brand Homeowners
16 Association ("Ocean Ranch") filed a claim and answer on December 8,
17 1998.[1] On or before October 8, 1999, the parties agreed to
18 conduct an interlocutory sale of the defendant real property. On
19 October 8, 1999, the court entered an order granting the Joint
20 Motion for Interlocutory Sale of the Defendant Real Property. On

---

[1] Pursuant to paragraph B(11) of the October 8, 1999 Order Granting the Joint Motion for Interlocutory Sale of the Defendant Real Property, claimants Meritech, Bear Brand, and Ocean Ranch received full payment of their interests in the defendant real property and were excused from further participation in this action. See Document No. 32. Pursuant to paragraph 7 of the Stipulation Recognizing Lien of claimants Virendra J. Nathu, Vandana V. Nathu, Mani Patel and Estate of Jivan Patel and Order entered on February 24, 2000, the Nathu and Patel claimants waived any rights to further litigate their interests in the defendant property against the United States and were excused from further participation in this litigation. See Document No. 48.

June 22, 2011, the court ordered that $250,015.29 of bank funds, representing the net proceeds of the sale of the defendant property, be substituted as the defendant res in this action. Subsequently, the government has determined that an additional $7,472.16 should be added to the substitute res, resulting in a substitute res totaling $257,487.45 ("the substitute defendant"). Plaintiff and TMB have reached an agreement that is dispositive of the action. As noted above, the claims of the remaining claimants were previously resolved. The government and TMB hereby request that the Court enter this Consent Judgment of Forfeiture.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Notice of this action has been given in accordance with law. All potential claimants to the substitute defendant totaling $257,487.45 other than claimant TMB are deemed to have admitted the allegations of the Complaint. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

3. The United States of America shall have judgment as to $217,751.37 of the substitute defendant, plus all interest earned by the government on that amount of the substitute defendant, and no other person or entity shall have any right, title or interest therein. The United States Department of Treasury is ordered to dispose of said assets in accordance with law.

4. $39,736.08 of the substitute defendant, plus all interest earned by the government on that amount of the substitute

defendant, shall be paid to TMB not later than sixty (60) days from the date of the entry of this judgment by electronic transfer directly into a financial institution account designated by claimant TMB's counsel. Claimant TMB's counsel agrees to provide appropriate financial institution account information within 10 days of execution of this consent judgment.

5. Claimant TMB hereby releases the United States of America, its agencies, agents, and officers, including employees and agents of the Internal Revenue Service, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney's fees, costs or interest which may be asserted on behalf of TMB, whether pursuant to 28 U.S.C. § 2465 or otherwise.

6. The court finds that there was reasonable cause for the seizure of the defendant real property and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

7. The Court retains jurisdiction over this case and the parties hereto to effectuate the terms of this Consent Judgment.

Dated: JAN - 5 2012

THE HONORABLE JACQUELINE H. NGUYEN
UNITED STATES DISTRICT JUDGE

[Signatures of counsel appear on the next page.]

4

**Approved as to form and content:**

Dated: December , 2011

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

____________________
P. GREG PARHAM
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
United States of America

Dated: December , 2011

____________________
RICHARD M. BARNETT
Attorney for Claimant
TMB Industries, Inc., Trustee for the A.R. Patel Family Irrevocable Trust